UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DAVID P. LENNON, et al., | Case No. 20-cv-02258-LB |
| Plaintiffs, | (Consolidated with Case No. 20-cv-02271-LB) |
| v. | |
| REALITY KATS, LLC, et al., | **PRELIMINARY JURY INSTRUCTIONS** |
| Defendants. | |
| REALITY KATS, LLC, | |
| Plaintiff, | |
| v. | |
| MIRSYL, INC., et al., | |
| Defendants. | |

### 1.3: DUTY OF JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

### OVERVIEW OF THE PARTIES AND THE CLAIMS

There are two sets of parties in this case. The first set of parties, which I will generally refer to as the "Lennon Parties," are represented by Mr. Busch and Mr. Asimow. The Lennon Parties consist of Mr. David P. Lennon and two companies, Mirsyl, Inc. and Novato Development, LLC. Mirsyl, Inc. is an Oregon corporation. It is owned by Mr. Lennon. Novato Development, LLC is an Oregon limited liability company. It is owned by Mirsyl. Novato Development in turn owns property in Novato, California.

The second set of parties, which I will generally refer to as the "Simpson Parties," are represented by Mr. King. The Simpson Parties consist of Dennis Simpson, Qili Ye Simpson, and Reality Kats, LLC. Mr. and Ms. Simpson are married. Reality Kats is a California limited liability company. It is owned in whole or in part by a trust, known as Scenic Trust. Mr. Simpson previously owned Reality Kats and transferred some or all of his interest to Scenic Trust.

### 1.5: CLAIMS AND DEFENSES

To help you follow the evidence, I will summarize the position of the parties.

The Lennon Parties assert that the Simpson Parties have conducted a campaign of frivolous and malicious litigation against the Lennon Parties for an improper purpose. According to the Lennon Parties, this campaign has taken the form of three separate lawsuits that some or all of the Simpson Parties brought against some or all of the Lennon Parties. These three proceedings consist of:

- An action filed in California state court, removed to this Court (the "Novato Action")
- A third party complaint filed in the District of Oregon ("the FTC Action")
- An action filed in Oregon state court (the "Bellinger I Action")

In a malicious prosecution action, the Court, and not the jury, determines which party prevailed in the prior action and whether the losing party had reasonable grounds to bring the prior action. I have already determined that in two proceedings the Lennon Parties prevailed and the

Simpson Parties lost. I have also already determined that the Simpson Parties did not have reasonable grounds to bring the Novato Action and the Bellinger I Action. I have also determined that the Simpson Parties had an improper purpose in bringing the Novato Action and the Bellinger I Action. If I determine that the Simpson Parties had reasonable grounds to bring the FTC Action, it will be for you to determine if the Simpson Parties also had an improper purpose in bringing the FTC Action.

The Lennon Parties assert that they were harmed by the Simpson Parties' wrongful conduct. Specifically, the Lennon Parties assert they suffered financial damage, emotional distress damages, and the loss of the value of Mr. Lennon's legal practice. The Simpson Parties dispute that the FTC Action was brought without reasonable grounds and for an improper purpose or that the Lennon Parties were harmed. The Simpson Parties also dispute the amount of harm. These factual issues will be for you to resolve.

The Lennon Parties further assert that in the course of the Novato Action the Simpson Parties improperly filed a lis pendens regarding the property owned by Novato Development. A lis pendens is a document filed with the county recorder that indicates litigation is pending that could affect title to a parcel of real property. The Lennon Parties assert that the lis pendens prevented Novato Development from developing and selling the property and that the Lennon Parties suffered financial damage as a result. The Simpson parties dispute this claim.

The Lennon Parties assert that the Simpson Parties acted maliciously or oppressively in bringing the three actions against the Lennon Parties. The Lennon Parties assert that the malice of the Simpson Parties is further established by two complaints filed by the Simpson Parties against David Lennon with the Oregon and New York State Bars. The Lennon Parties assert that the bar associations found these complaints to be without merit and dismissed them. The Lennon Parties seek punitive damages based on the Simpson Parties' overall course of conduct.

The Simpson Parties assert that one of the Lennon Parties, Mirsyl, has failed to pay a promissory note owed to one of the Simpson Parties, Reality Kats. This promissory note was provided by Mirsyl when it purchased Novato Development from Reality Kats. The Simpson Parties assert that payment on this note is due and is not excused. The Lennon Parties assert that the conduct of the Simpson Parties has made it impossible for the Lennon Parties to perform and that as a result the payment is excused. The Lennon Parties also assert that as a result of the Simpson Parties' conduct the agreement by which Mirsyl purchased Novato Development should be rescinded.

### 1.6: BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### 1.7: BURDEN OF PROOF — CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

### 1.8: TWO OR MORE PARTIES — DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

### 1.9: WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits that are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I may instruct you to accept as proved.

### 1.10: WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### 1.11 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

### 1.12: DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

### 1.13: RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

### 1.14: CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## 1.15: CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved — including the parties, the witnesses or the lawyers — until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

### 1.16: PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

### 1.17: NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

### 1.18: TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

### 1.20: BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

### 1.19: QUESTIONS TO WITNESSES BY JURORS DURING TRIAL

When attorneys have finished their examination of a witness, you may ask questions of the witness. The court will give you a form, where you can write your question. Do not sign the question. You can give the form to the courtroom deputy or to me. I will review the question with the lawyers first to determine whether it is legally proper and if it is, I will ask the question. If the rules of evidence do not permit a particular question, I will advise you. There are some that I may not allow or may ask in a different way, either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

After your questions, if any, the attorneys may ask additional questions.

### 1.21: OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiffs will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

### 3.2: CONSIDERATION OF THE EVIDENCE — CONDUCT OF THE JURY

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.