UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DAVID P. LENNON, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>REALITY KATS, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-02258-LB<br><br>(Consolidated with Case No. 20-cv-02271-LB)<br><br>**FINAL JURY INSTRUCTIONS** |
| REALITY KATS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MIRSYL, INC., et al.,<br><br>　　　　　Defendants. | |

# OPENING INSTRUCTIONS

## 1.4: DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions and the verdict form that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## 1.6: BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## 1.7: BURDEN OF PROOF — CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

## 1.8: TWO OR MORE PARTIES — DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

## 1.9: WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

**1.10: WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**1.12: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**1.14: CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## SUBSTANTIVE INSTRUCTIONS

## LENNON PARTY CLAIMS

### 1501: WRONGFUL USE OF CIVIL PROCEEDINGS

David Lennon, Mirsyl, Inc., and Novato Development, LLC, claim that Reality Kats, Dennis Simpson and/or Qili Ye Simpson wrongfully brought lawsuits against them. These lawsuits at issue include the Novato Action, the Bellinger I Action, and the FTC Action. To establish this claim, the Lennon Parties must prove all of the following elements. However, the Lennon Parties need only establish these elements as to one of the lawsuits:

1. That Reality Kats, Dennis Simpson, and/or Qili Simpson were actively involved in bringing or continuing one or more of the lawsuits;

2. That one or more of the lawsuits ended in the Lennon Parties' favor;

3. That no reasonable person in Reality Kats', Dennis Simpson's, and/or Qili Ye Simpson's circumstances would have believed that there were reasonable grounds to bring one or more of the lawsuits.

4. That Reality Kats, Dennis Simpson, and/or Qili Ye Simpson acted primarily for a purpose other than succeeding on the merits of the claim;

5. That David Lennon, Mirsyl, Inc., and/or Novato Development, LLC were harmed; and

6. That Reality Kats', Dennis Simpson's, and/or Qili Ye Simpson's conduct was a substantial factor in causing David Lennon, Mirsyl, Inc., and/or Novato Development, LLC's harm.

The law requires that the Court, and not the jury, determine whether the Lennon Parties have proven elements 2 and 3. I hereby instruct you that two of the lawsuits at issue ended in favor of the Lennon Parties, i.e. the Novato Action and the Bellinger I Action. I further instruct you that no reasonable person in Reality Kats', Dennis Simpson's, and/or Qili Ye Simpson's circumstances

FINAL JURY INSTRUCTIONS – No. 20-cv-02258-LB   4

would have believed that there were reasonable grounds to bring the Novato Action and the Bellinger I Action. I further instruct you that I have determined that the Lennon Parties have established element 4 with regard to the Novato Action and Bellinger I Action. If I determine that the FTC Action ended in the Lennon Parties' favor and that there were no reasonable grounds for bringing the FTC Action, you will decide whether Reality Kats and/or Dennis Simpson acted with an improper purpose in bringing the FTC Action.

### 1520: ABUSE OF PROCESS

David Lennon, Mirsyl, Inc., and Novato Development, LLC claims that Reality Kats, Dennis Simpson, and/or Qili Simpson engaged in the abuse of process in the course of the proceedings they brought against the Lennon Parties. To establish this claim, David Lennon, Mirsyl, Inc., and Novato Development, LLC must prove all of the following:

1. That Reality Kats, Dennis Simpson, and/or Qili Simpson entertained an ulterior motive in using the process in question;

2. That Reality Kats, Dennis Simpson, and/or Qili Simpson committed a willful action in a wrongful manner; and

3. That Reality Kats, Dennis Simpson, and/or Qili Simpson's conduct was a substantial factor in causing David Lennon, Mirsyl, Inc., and Novato Development, LLC's harm.

### 1730: SLANDER OF TITLE

Novato Development, LLC claims that Reality Kats committed slander of title by improperly recording a lis pendens on the development property which cast doubts about its ownership of the Novato Development/Rudnick Estates. To establish this claim Novato Development, LLC must prove all of the following:

1. That Reality Kats recorded the lis pendens that cast doubts about Novato Development, LLC's ownership of the property;

2. That the lis pendens became a public record;

3. That the lis pendens was untrue and Novato Development, LLC did in fact have clear unencumbered title to the property;

4. That Reality Kats knew that or acted with reckless disregard of the truth or falsity as to whether Novato Development, LLC had clear and proper title to the property;

5. That Reality Kats knew or should have recognized that someone else might act in reliance on the lis pendens, causing Novato Development, LLC financial loss;

6. That Novato Development, LLC did in fact suffer immediate and direct financial harm;

7. That Reality Kats' conduct was a substantial factor in causing Novato Development's harm.

### 3600: CONSPIRACY

David Lennon, Mirsyl, Inc., and Novato Development, LLC, claim that they were harmed by Dennis Simpson and/or Reality Kats' malicious prosecution, abuse of process, and slander of title and that Qili Simpson is responsible for the harm because she was part of a conspiracy to commit malicious prosecution, abuse of process, and slander of title. A conspiracy is an agreement by two or more persons to commit a wrongful act. Such an agreement may be made orally or in writing or may be implied by the conduct of the parties.

If you find that Dennis Simpson and/or Reality Kats committed malicious prosecution, abuse of process, or slander of title that harmed David Lennon Mirsyl, Inc., or Novato Development, LLC, then you must determine whether Qili Simpson is also responsible for the harm. Qili Simpson is responsible if David Lennon, Mirsyl, Inc., or Novato Development, LLC prove both of the following:

1. That Qili Simpson was aware that Simpson and/or Reality Kats planned to file one or more frivolous lawsuits or file the lis pendens; and

2. That Qili Simpson agreed with Dennis Simpson and/or Reality Kats and intended that one or more frivolous lawsuits or lis pendens be filed.

Mere knowledge of a wrongful act without cooperation or an agreement to cooperate is insufficient to make Qili Simpson responsible for the harm. A conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged coconspirators. David Lennon, Mirsyl, Inc., and Novato Development, LLC are not required to prove that Qili Simpson personally committed a wrongful act or that she knew all the details of the agreement or the identities of all the other participants.

### 3601: ONGOING CONSPIRACY

If you decide that Qili Simpson joined the conspiracy to commit malicious prosecution, abuse of process, or slander of title, then she is responsible for all acts done as part of the conspiracy, whether the acts occurred before or after she joined the conspiracy.

### 3900: LIABILITY CONTESTED

If you decide that David Lennon, Mirsyl, Inc., and/or Novato Development, LLC have proved any of their claims against Reality Kats, Dennis Simpson, and/or Qili Ye Simpson for wrongful use of civil proceedings, abuse of process, and/or slander of title, you also must decide how much money will reasonably compensate for the harm. This compensation is called "damages."

The amount of damages should include an award for each item of harm that was caused by Reality Kats, Dennis Simpson, and Qili Simpson's wrongful conduct.

David Lennon, Mirsyl, Inc., and/or Novato Development, LLC do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

### 3903: ITEMS OF ECONOMIC DAMAGE

The following are the specific items of economic and non-economic damages claimed by David Lennon, Mirsyl, Inc., and/or Novato Development, LLC:

1. Medical Expenses - Past and Future. To recover damages for past medical expenses, David Lennon must prove the reasonable cost of reasonably necessary medical care that he has received. To recover damages for future medical expenses, David Lennon must prove the reasonable cost of reasonably necessary medical care that he is reasonably certain to need in the future.

2. Lost Earnings - Past and Future. To recover damages for past lost earnings, David Lennon must prove the amount of income that he has lost to date. To recover damages for future lost earnings, David Lennon must prove the amount of income he will be reasonably certain to lose in the future as a result of the injury.

3. Lost Profits (Economic Damages). To recover damages for lost profits, Mirsyl, Inc. must prove it is reasonably certain it would have earned more profits but for Reality Kats, Dennis Simpson, and/or Qili Simpson's conduct. To decide the amount of damages for lost profits, you must determine the gross amount Mirsyl, Inc. would have received in additional home sale income after repaying the note but for Reality Kats, Dennis Simpson, and/or Qili Simpson's conduct. The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

4. Physical Pain, Mental Suffering, Emotional Distress. No fixed standard exists for deciding the amount of these non-economic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense. mages for lost profits, Mirsyl, Inc. must prove it is reasonably certain it would.

### 3947: PUNITIVE DAMAGES — INDIVIDUAL AND ENTITY DEFENDANTS — TRIAL NOT BIFURCATED

If you decide that Dennis Simpson's, Qili Ye Simpson's and/or Reality Kats' conduct caused David Lennon, Mirsyl, Inc., or Novato Development, LLC harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

With respect to Dennis Simpson and Qili Ye Simpson, you may award punitive damages only if the Lennon Parties prove by clear and convincing evidence that Dennis Simpson or Qili Ye Simpson engaged in that conduct in question with malice, oppression, or fraud.

With respect to Reality Kats, you may award punitive damages only if the Lennon Parties prove with clear and convincing evidence that Reality Kats acted with malice, oppression, or fraud. To do this, the Lennon Parties must prove one of the following by clear and convincing evidence:

1. That the malice, oppression, or fraud was conduct of the manager of Reality Kats, who acted on behalf of Reality Kats; or
2. That the conduct constituting malice, oppression, or fraud was authorized by the manager of Reality Kats; or
3. That one or more officers, directors, or managing agents of Reality Kats knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that a defendant acted with intent to cause injury or that a defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of

another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of the defendant's conduct and deliberately fails to avoid those consequences.

"Oppression" means that a defendant's conduct was despicable and subjected a plaintiff to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that a defendant intentionally misrepresented or concealed a material fact and did so intending to harm a plaintiff.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decision making such that the employee's decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors separately for each defendant in determining the amount:

(a) How reprehensible was that defendant's conduct? In deciding how reprehensible a defendant's conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;
2. Whether a defendant disregarded the health or safety of others;
3. Whether a plaintiff was financially weak or vulnerable and a defendant knew a plaintiff was financially weak or vulnerable and took advantage of them;
4. Whether a defendant's conduct involved a pattern or practice; and
5. Whether a defendant acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and plaintiffs' harm or between the amount of punitive damages and potential harm to plaintiffs that defendant knew was likely to occur because of their conduct?

(c) In view of that defendant's financial condition, what amount is necessary to punish him and/or it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because a defendant has substantial financial resources.

Any award you impose may not exceed that defendant's ability to pay. Punitive damages may not be used to punish a defendant for the impact of their alleged misconduct on persons other than plaintiffs.

# SIMPSON PARTY CLAIMS

## 300: BREACH OF CONTRACT — INTRODUCTION

Reality Kats, LLC claims that it and Mirsyl, Inc. entered into a pledge agreement, purchase agreement, and promissory note for a loan of $3,500,000 to Mirsyl, Inc. and the purchase of Reality Kats, LLC's share in the Novato Development. Reality Kats, LLC claims that Mirsyl, Inc. breached these contracts by failing to make payments pursuant to the agreements.
Reality Kats, LLC also claims that Mirsyl, Inc.'s breach of contract caused it harm for which Mirsyl, Inc. should pay.

Mirsyl, Inc. denies that it is liable to Reality Kats, LLC for failure to make these payments. Mirsyl, Inc. asserts the affirmative defense of estoppel, unclean hands, and breach of the implied covenant of good faith and fair dealing.

## 303: BREACH OF CONTRACT — ESSENTIAL FACTUAL ELEMENTS

To recover damages from Mirsyl, Inc. for breach of contract, Reality Kats must prove all of the following:

1. That Reality Kats, LLC and Mirysl Inc. entered into a contract;
2. That Reality Kats, LLC did all, or substantially all, of the significant things that the contract required it to do;
3. That Mirsyl, Inc. was required to pay monthly installments, including interest, until the principal sum of $3,500,000 was paid to Reality Kats;
4. That Mirysl Inc. failed to do something that the contract required it to do;
5. That Reality Kats, LLC was harmed; and
6. That Mirysl Inc.'s breach of contract was a substantial factor in causing Reality Kats, LLC's harm.

However, Reality Kats cannot recover damages if Mirsyl, Inc. establishes any affirmative defense to the claim.

## 325: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING — AFFIRMATIVE DEFENSE — ESSENTIAL FACTUAL ELEMENTS

In every contract or agreement there is an implied promise of good faith and fair dealing. This implied promise means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract. Good faith means honesty of purpose without any intention to mislead or to take unfair advantage of another. Generally speaking, it means being faithful to one's duty or obligation. However, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract.

Mirsyl, Inc. claims that Reality Kats, LLC and/or Dennis Simpson violated the duty to act fairly and in good faith. Mirsyl asserts that this breach by Reality Kats and/or Dennis Simpson constitutes a breach of contract by Reality Kats and excuses Mirsyl's obligation to perform under the contract. To establish this defense, Mirsyl must prove all of the following:

1. That Reality Kats and/or Dennis Simpson engaged in the wrongful use of civil proceedings;
2. That by doing so, Reality Kats and/or Dennis Simpson did not act fairly and in good faith; and

3. That Mirsyl was hindered or prevented in performing under the contract as a result of Reality Kats, LLC and/or Dennis Simpson's conduct.

If Mirsyl establishes that Reality Kats, LLC and/or Dennis Simpson violated the duty to act fairly and in good faith, then Reality Kats cannot recover damages on its claim for breach of contract.

### UNCLEAN HANDS — AFFIRMATIVE DEFENSE

Mirsyl, Inc. contends that the doctrine of unclean hands prevents Reality Kats from prevailing on its claim for breach of contract. Similarly, the Simpson Parties contend that the doctrine of unclean hands prevents the Lennon Parties from prevailing on their claims for wrongful use of civil proceedings, abuse of process, and slander of title.

Unclean hands refers to any conduct that violates conscience, or good faith, or other equitable standards of conduct sufficient to invoke the doctrine. The misconduct need not be a crime or an actionable tort. There must be a direct relationship between the misconduct and the claimed harm so that it would be unfair to allow a recovery on the claim.

If Mirsyl establishes the defense of unclean hands, then Reality Kats cannot recover on its claim for breach of contract. Similarly, if the Simpson parties establish the defense of unclean hands, then the Lennon Parties cannot prevail on their claims for wrongful use of civil proceedings, abuse of process, and slander of title.

### 456: ESTOPPEL — AFFIRMATIVE DEFENSE

Mirsyl, Inc. contends that Reality Kats may not recover on its claim for breach of contract because Reality Kats, and/or its authorized agent or employee, did or said something that caused Mirsyl to fail to make a payment under the contract. In order to establish this affirmative defense, Mirsyl must prove all of the following:

1. That Reality Kats, and/or its authorized agent or employee, said or did something that caused Mirsyl to believe it would not be necessary to make a payment;

2. That Mirsyl relied on Reality Kats' conduct and therefore did not make a payment;

3. That a reasonable person in Mirsyl's position would have relied on Reality Kats' conduct.

It is not necessary that Reality Kats have acted in bad faith or intended to mislead Mirsyl.

If Mirsyl establishes the defense of estoppel, then Reality Kats cannot recover on its claim for breach of contract.

### 350: INTRODUCTION TO CONTRACT DAMAGES

If you decide that Reality Kats has proved its claim against Mirsyl, Inc. for breach of contract, and that Mirsyl has failed to establish any affirmative defense, you must decide how much money will reasonably compensate Reality Kats for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put Reality Kats in as good a position as it would have been if had Mirsyl had performed as promised.

To recover damages for any harm, Reality Kats must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract. Reality Kats also must prove the amount of its damages according to the following instructions. It does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages. Reality Kats claims damages for breach of obligation to pay money.

### 355: OBLIGATION TO PAY MONEY ONLY

To recover damages for the breach of a contract to pay money, Reality Kats must prove the amount due under the contract.

### RECISSION

Mirsyl, Inc. contends that its agreement to purchase Novato Development from Reality Kats should be rescinded. Rescission means to return the parties as closely as possible to the situation that existed before the contract was executed. Rescission is available if, through the fault of the other party the consideration which he was supposed to receive fails in whole or in material part. Mirsyl contends that there was a material failure of consideration because Novato Development should have had clear title to the undeveloped lots in Novato but did not as a result of the lis pendens filed by Reality Kats.

### CONCLUDING INSTRUCTIONS

### 3.1: DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### 3.2: CONSIDERATION OF EVIDENCE — CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat,

FINAL JURY INSTRUCTIONS – No. 20-cv-02258-LB   11

TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved — including the parties, the witnesses, or the lawyers — until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

### 3.3: COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including the court — how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

### 3.5: RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

### C-4: POST-DISCHARGE INSTRUCTIONS

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

FINAL JURY INSTRUCTIONS – No. 20-cv-02258-LB   12

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.